Purvis et al *v.* Robinson, Tax Collector, et al.

[69 South. 673.]

1. Schools and School Districts. *County school boards. Meetings. Statutory provisions. Consolidated districts. School taxes. Enjoining collection.*

Code 1906, section 4512, provides that, the county superintendent shall be president of the school board, and shall convene it annually, prior to the first day of August, to define the boundaries of the school districts of the county outside of the separate school districts, or to make alterations therein, and to designate the location of the schoolhouse in each district if not already located. The only effect of that section is to require the board of education to hold a meeting before the 1st day of August in each year for the purpose of considering the matters named in said section. This work is required to be done before the 1st day of August, and this is all. It does not prevent the board from having repeated meetings before the 1st day of August to carry out the provisions of this section.

2. Consolidated School Districts. *School taxes. Statutory provisions.*

A school district established under section 3, chapter 253, Laws 1912, must contain an area of twenty-five square miles but it need not embrace twenty-five full sections, in order that the specified tax may be levied.

3. Taxation. *Enjoining collection. Statutory provisions.*

Section 533, Code 1906, affords the only authority for equity jurisdiction of suits to enjoin the collection of taxes levied or attempted to be collected without authority of law.

Appeal from the chancery court of Rankin county.

Hon. G. C. Tann, Chancellor.

Suit by J. T. Purvis and others against G. O. Robinson, Tax Collector, and others. From a decree sustaining a demurrer to the bill and dismissing it, complainants appeal.

The facts are fully stated in the opinion of the court.

*A. J. McLaurin, Jr.,* for appellants.

The order of the board of supervisors of September 8, 1914 is void and the tax levy is void. First: Because the district embraced in that order does not contain twenty-five square miles of territory; is not composed of whole sections, and is not compact. *Gore* v. *Doolittle,* 77 Miss. 620. Having enough land to make twenty-five square miles in quantity is not sufficient. Ib.

The legislature of 1912 had this decision, construing what a given number of square miles means in formation of districts, before them when they passed chapter 255, Laws of 1912.

Most states wherein existing public schools may be consolidated have legislative authority to do so. This state has not. But under the sound reasoning of this court in the case of *Bufkin* v. *Mitchell,* reported in the 63 So. Rep., 458, it would seem that such legislative authority is not needed. Under existing laws it is within the power of school boards to consolidate existing schools provided, of course, there is not an abuse of this authority. For instance: One school district may embrace seven square miles and another and adjoining one may embrace eight square miles. If it is not an abuse of such authority by reason of water courses dividing it, or the like, the school board has the power to consolidate the two schools. The school thus formed would be a consolidated school district, but the board of supervisors could not levy a valid tax on it because the authority given them to levy taxes on consolidated school districts is contained in section 3, chapter 255, Laws 1912, and a tax can only be levied on such districts containing "Not less than twenty-five square miles." Laws 1912, pages 323-324.

The shape of the district as shown by the map of the land embraced in the order, herewith filed, condemns it. *Gore* v. *Doolittle,* ib. The order shows on its face that it is void and can be collaterally attached. *McComb* v. 110 Miss. 5.

*Ellett,* 85 Miss. 505, *Garner* v. *Webster County,* 76 Miss. 565, and cases there cited.

The order of the board of supervisors of September 8th is void for the further reason, that it seeks to levy the tax on a district attempted to be formed by an order of the school board of July 7, 1914, which is itself void.

The order of the school board of July 7th is void because the school board of April 25th prior had, by its order of that date, fixed the boundaries of the crossroads consolidated school district.

Section 4512, Code 1906, directs the county superintendent to convene the school board prior to the first day of August of each year for the purpose of defining boundaries of school districts. It does not state what time before August, and the order of April 25, 1914, was valid and legal so far as time was concerned. At a subsequent meeting of that year they had no authority over the order of April 25th. *McComb* v. *Ellett,* 8 S. & M. 505.

But even if it be held that the order of April 25th is vacated by the order of July 7th, the latter order is void because of the method employed in its adoption.

A casual glance at the record will show that the district as defined in the order of July 7th was formed to cut out those who opposed a tax levy and cut in some who favored it. A look will reveal that the school board created the district on April 25th and defined its boundaries. On May 4th, they attempted to create it again and define its boundaries, leaving out sections 9 and 10 of township 4, range 5, and further ordered an election held in June following on the question of a bond issue.

On June 2d, before the election was held, they met again and denied the petition of certain persons asking to be taken out of the district, thereby adopting the former order as the boundaries. When the bond issue

was defeated they met again (July 7th) and once more changed the boundaries.

All this most reasonably appears from a glance at the record and such methods of forming districts of any kind is condemned in the case of *Gore* v. *Doolittle* cited above.

*Stingily & McIntyre,* for appellees.

No more could the board of supervisors inquire into the actions of the school board in the formation of this district than can any court inquire into the purpose of the legislature in passing a legislative act. Of course if the board of supervisors could not review the action of the school board in the formation of the district, this court, in a suit to enjoin the tax levied by the board of supervisors, cannot review the action of the school district board. Two separate suits, involving distinct matter, are involved.

"For the purpose of a suit to enjoin the collection of a special tax in school district, the district must be presumed legally organized, as its existence must be inquired into in a direct proceeding." *Board of Commissioners* v. *County,* 86 Pac. 24; 25 Am. & Eng. Ency. Law (2nd Ed.), 34; 35 Cyc. 846.

Am. Digest "Schools & School Districts" sections 24 (2) & 39; In this case the sole question to be determined by the court is, was there authority in the law for the levy? *Thompson* v. *Krutzer,* 103 Miss. 388.

For there to have been authority in the law two jurisdictional facts must have existed, and only two, to wit: 1. The school district must have contained twenty-five square miles; 2. A petition of the majority of the qualified electors of the school district.

It is the duty of the board of supervisors to pass on these two questions without reference to the school board's acts in the creation or formation of the district. If aggrieved persons desire to review the school board's acts, they must institute some direct proceedings.

"Actions of the board not involving jurisdictional power are conclusively right in this collateral litigation. It being, in this matter, of limited jurisdiction, the minutes must show that the jurisdictional facts were found to exist. This being done, there is no need ever to set forth the evidence in the judgment, and it is not controvertible, except on direct appeal." *Hinton* v. *Board of Supervisors,* 84 Miss. 536; *Board* v. *Ames,* 3 So. 37;

In this case, where the complainants seek to review the proceedings of the school board and of the board of supervisors, they must have appealed direct from the board of supervisors, upon a proper bill of exceptions and instituted some direct proceedings against the school board.

We deny that any fraud is charged against the board of supervisors. The charge that the school board cut in some parties and cut out some parties isn't a charge of fraud, because section 4512, Code of 1916, authorizes and empowers the school board to do this very thing. The power to change, alter and define necessarily carries with it the power to "cut in" and "cut out", and no fraud could be imputed to the school board in its doing the very thing it was empowered to do. Courts will not question a legislative body's purpose in doing a legislative thing, so that while the "cutting in and cutting out" are admitted, the purpose charged is not. Moreover this question has nothing to do with the jurisdiction of the board of supervisors, the question, is entirely and patently collateral.

It is contended by appellants that the record of the school board shows that on July 7th, the school board had exhausted its authority and had no further jurisdiction for the year 1914. We submit that the record shows that the school board was adjourned from time to time, subject to the call of the president. The school board record shows that this was the regular annual meeting, duly called for the purpose of fixing boundaries of schools, and it is conclusively presumed that the district

was properly formed, that is, on collateral attact. Aside from the idea that these were all adjourned meetings, it is our contention that section 4512 does not limit the school board to one meeting only, but that the board may convene to alter, change and define school boundaries at any time, provided, the boundaries are fixed prior to the first day of August, so the patrons may have reasonable notice of their respective school districts before the opening of free schools in September.

Cook, J., delivered the opinion of the court.

Appellants filed a bill praying for an injunction to restrain the collection of a four-mill tax levied by the board of supervisors of Rankin county upon the petition of a majority of the qualified electors of Cross Roads consolidated school district, approved by the county school board. A temporary injunction was issued. The defendants demurred to the bill, and also made a motion to dissolve the injunction. The demurrer was sustained, the injunction dissolved, and bill dismissed; wherefore this appeal.

There were several grounds of demurrer, but we will consider only one of them, which we think it determinative of this appeal, viz.: ''There is no equity on the face of the bill.'' The board of education of the county met for the first time in 1914 on April 25th, and entered an order, in response to the proper petition of the electors and patrons of two public schools, consolidating said schools under the name of ''Cross Roads Consolidated School District,'' embracing within its limits twenty-seven full sections of land. On May 4, 1914, the board of education held another meeting, at which time an order was made eliminating two sections from the school district as formed on April 25th, leaving the district with twenty-five full sections of land. On this last-named date an order was entered calling an election for the purpose of authorizing the bonds of the district. It is alleged in the bill that this contemplated bond issue was

rejected at the election. At this meeting certain other lands were added to the district. On June 2, 1914, the board of education held another meeting and rejected the two petitions praying that certain other lands be embraced in the consolidated district. Finally, on July 7, 1914, the board of education convened, and entered an order defining the limits of the Cross Roads consolidated school district. This order makes no reference to the previous meetings and orders of the board, but the district as described conforms to the district formed and described in the previous orders of the board.

It is contended by appellants that the tax which the tax collector is attempting to collect was levied by the board of supervisors "without authority of law," because the board of education exhausted its powers to consolidate school districts at its first and only legally authorized meeting on April 25th, and in support of this contention section 4512 of Code 1906 is cited. It appears that the order of the board of supervisors levying the tax was made in response to a petition from the qualified electors of the district described in the order of the board of education of date July 7, 1914, which district does not contain all of the land embraced in the first order made by said board. We quote section 4512, viz.:

"The county superintendent shall be president of the school board, and shall convene it annually, prior to the first day of August, to define the boundaries of the school districts of the county outside of the separate school districts, or to make alterations therein, and to designate the location of the schoolhouse in each district, if not already located."

As we understand the briefs of counsel, it is argued that the word "annually" in the section quoted means once in each year, and when the board meets once to consider the matters mentioned in the section, and adjourns, the board has no power to define school dis-

tricts, or to make alterations therein, or to designate
the location of school houses , until after the 1st day of
January and before the 1st day of August of the follow-
ing year.

We do not so construe the statute. The only effect
of section 4512 is to require the board of education to
hold a meeting before the 1st day of August in each
year for the purpose of considering the matters named.
This work is required to be done before the 1st day of
August, and this is all. The board of education has the
power to meet at any time on the call of its president to
conduct the business and exercise the powers intrusted
to it; but, in regard to the matters mentioned in section
4512, a meeting for this purpose must be held before
August 1st of each year. If for no other reason, meet-
ings for the establishing and altering of school districts,
and to designate the location of schoolhouses therein,
should be held before August 1st, because, by section
4519 of the Code, the patrons of schools of this char-
acter are required to elect trustees on the first Saturday
of August in each year, and therefore, if schools of this
class are to be consolidated, it should be done before
this time.

Again, it is insisted that the district established does
not contain twenty-five square miles, within the mean-
ing of section 3 of chapter 255, Laws of 1912, and for
this reason the levy of taxes was *ultra vires. Gore* v.
*Doolittle,* 77 Miss. 620, 27 So. 997, is cited in support of
this view of the law. The area of land required by the
statute is embraced in the consolidated school district,
but it does not contain twenty-five full sections. In the
case mentioned this court had under review a no fence
law, or stock law, by which the owners of live stock
in the proposed district would be forced to fence in their
live stock, instead of their cultivated lands, and the
court, taking into consideration the end to be accom-
plished by this change in the law, thought the legis-

lature intended to require the stock law districts to be formed of "entire sections of land, and should comprise a compact body of land making at least thirty-six square miles." It was admitted by the court that this construction could not be found in the letter of the statute, but for reasons not given, but which might be conjectured, the court was of the opinion that the lawmakers intended that stock law districts should be as stated by the court.

The law here under review is not a law requiring the fencing of live stock, but for an entirely different purpose. The consolidation of school districts would be frequently impossible, if the Gore Case was controlling. School districts are not formed with any view as to the number of acres, or square miles, that are to be embraced therein, but with a view of accommodating as many educable children as possible. These districts are frequently of irregular shapes, and, when two or more are consolidated, it would be a rare case where they would be compact in form and containing not less than twenty-five full sections of land. Doubtless the legislature required that the consolidated district should embrace not less than twenty-five square miles of territory before a tax could be levied, or bonds issued for the purposes named, because there had to be some limitations upon the cost of conducting the schools, and it was thought that a taxable district of a less area would not ordinarily be able to make the expenditures authorized by the statute. At any rate, we are unable to find anything in the language employed by the legislature which will authorize the court in giving any other than literal construction to the statute.

This being our interpretation of the statute, it follows that the order of the board of supervisors levying the tax was not without authority of law, and the chancery court is without power to enjoin the collection of the tax.

Section 533 of the Code affords the only authority for equity jurisdiction in cases of this class, and the bill of complaint does not bring this case within the statute.

*Affirmed.*