Enochs *et al. v.* City of Jackson.*

(Division A. Nov. 1, 1926.)

[109 So. 864. No. 25892.]

Taxation. *Unused church lot held not exempt from taxation (Hemingway's Code, section 6878).*

Church lot adjoining that on which church house was situated and not used, except that plank walk for entrance to church annex is

. maintained thereon, *held* not exempt from taxation, under Code 1906, section 4251 (Hemingway's Code, section 6878).

*Corpus Juris-Cyc. References: Taxation, 37Cyc, p. 942, n. 95. Exemption from taxation of property which religious or charitable body has no right to hold, see note in 27 A. L. R. 1047; 26 R. C. L. 323; 5 R. C. L. Supp. 1401.

APPEAL from circuit court of Hinds county, First district.

HON. W. H. POTTER, Judge.

Proceeding by the city of Jackson for the assessment of municipal taxes against J. L. Enochs and others, trustees of the Capitol Street Methodist Church. Judgment approving the assessment, and defendants appeal. Affirmed.

*D. C. Enochs,* for appellant.

By subsection (d), section 6878, Hemingway's Code, all property real or personal, belonging to any religious society and used exclusively for the purposes of such society and not for profit, is exempt from taxation. And by subsections (a) and (d), section 4110, Hemingway's Code, a religious society may hold and own, at any one place, a house for a place of worship, and a proper and reasonable quantity of ground thereto attached.

This court in *Adams County* v. *Catholic Diocese of Natchez,* 110 Miss. 890, 71 So. 17, while conceding that statutes exempting persons and property from taxation must be strictly construed, has stated that it is also true that there is a relaxation of the rule in the case of statutes of exemption applicable to religious institutions, and it would seem that if the land here sought to be taxed is not an improper and unreasonable quantity of ground for this church to own at that place, that the same should be exempt from taxation the same as the church building itself.

The city should have exempted the rest of said property not only as the yard and approach to said cottages,

but as the yard and a part of the church. It will be noted that section 4110 expressly provides that in addition to a house for worship, a religious society may hold and own, *at one place,* a proper and reasonable quantity of ground thereto attached. Now in determining the propriety and reasonableness of this church's ownership of this land, its needs not only for the present but for the future should be considered.

What might be a proper and reasonable quantity of ground for one church in one place might not be a proper and reasonable quantity of ground for that church in some other place. If a yard makes the house of a person more attractive and pleasant to dwell in, then does not a yard to the Lord's house make it more attractive and pleasant to worship in?

I am familiar with the case of *Central Methodist Church* v. *City of Meridian et al.,* 126 Miss. 780, 89 So. 650, wherein this court construed the statute providing what property may be held and owned by a religious society, but I submit that the facts in that case and the facts in the instant case are totally different.

This case should be reversed and a judgment rendered in this court exempting the said property from taxation.

*Morse & Bryan,* for the appellee.

Sections 6878 and 4110, Hemingway's Code (sections 4251 and 934, Code of 1906) govern here. This court in *Central Methodist Church* v. *City of Meridian,* 125 Miss. 780, 89 So. 650; and *Gunter* v. *City of Jackson,* 94 So. 842, held that property owned by a religious society in excess of the amount of property authorized by laws was not exempt from taxation, but was taxable as other property is taxed. These cases are applicable to the facts here existing. When a religious society holds property in excess of a "proper and reasonable quantity of ground" attached to the church, such excess is taxable.

*Adams County* v. *Catholic Diocese of Natchez,* 110 Miss. 890, 71 So. 17, cited by counsel, is in derogation of the uni-

versal rule that he who claims exemption of taxation must show affirmatively an exemption expressly declared, and that the claimant is clearly embraced within its terms.

The general exemption statutes of the various states vary in phraseology but they are easily divisible into the following classes:  Those making *ownership* of property the basis of a claim for exemption; (2) those making *use* the basis; and (3) those making *ownership and use* the basis.  The Mississippi statute falls under the last classification.  Where property is devoted to no actual, substantial use, as in the present case, it is subject to taxation just as other taxable property.

The law does not contemplate that religious societies shall accumulate a surplus of property and hold it idle. The history and the very tenor of the law itself is diametrically opposed to this.  The policy of the law as now written is to allow religious organizations to own and use a "reasonable and proper quantity of ground" contiguous to the church, and to exempt such ground and building from taxation.  But it was never contemplated by the lawmakers that a church could purchase an ununreasonable amount of adjacent, unimproved property and devote it to no practical use, but to hold it idle until such time as it saw fit to erect a building thereon or to dispose of it.

The land here assessed is in excess of a "proper and reasonable quantity of ground" attached to the church and, therefore, it is taxable. *Pulaski County* v. *First Baptist Church,* 110 S. W. 1034, 86 Ark. 205; *Ramsey County* v. *Macalaster College,* 18 L. R. A. (Minn.) 278; *Redemptionist Fathers* v. *City of Boston,* 129 Mass. 178; *All Saints Parish* v. *Brookline,* 178 Mass. 404, 59 N. E. 1003, 52 L. R. A. 778.

It is our contention that it is necessary for appellant to establish the fact that this entire property is reasonable and proper for church users.  On the other hand, as a matter of fact, this record shows that the property has been held by the church since October, 1921, and so far

as new buildings are concerned they rest with the future. To quote directly from the testimony of Mr. Enochs: "We have had some plans coming to us, not quite completed, but we did not utilize them. We have not seen fit to do so yet."

The cause should be affirmed.

Argued orally by *D. C. Enochs,* for appellant, and *H. M. Bryan,* for appellee.

SMITH C. J., delivered the opinion of the court.

The appellants appealed to the court below from an assessment for municipal taxation by the city of Jackson of certain real property in the city of Jackson, the title to which is held by them, in trust, for the Capitol Street Methodist Church, and claimed by them to be exempt from taxation under section 4251, Code of 1906 (section 6878, Hemingway's Code, and from a judgment approving the assessment they have brought the case to this court.

The Capitol Street Methodist Church, as its name imports, is a religious society, and, some years ago, purchased a lot in the city of Jackson fronting one hundred twenty feet on Capitol street, and constructed thereon a church house, which it has used continuously since as a place of worship.

In 1921, the church purchased the lot adjoining that on which its church house is situated, fronting two hundred and twenty-one feet on Capitol street, with a depth of, probably, twice that of its original lot. The purchase of this lot was made, not for the immediate use, but to prevent it being acquired by another and for use by the church, in the future, in event it should thereafter desire to use it. The growth of the church, both in membership and activites has been such that the house which it now occupies had become in 1921, and is now, inadequate for its needs.

When this lot was purchased, two cottages that were situated on the Capitol street side of it were moved to the rear of the lot some distance from the church house and are now used by the church in connection with its Sunday school. The remainder of the lot has not been put to any use *at all,* except that the front thereof has been graded, the weeds and grass thereon have been mowed when necessity therefor has arisen, and a plank walk leads across a part of it from the church to the cottages.

The assessment here complained of was for the year 1925, and covers all of this second lot purchased by the church, except a strip forty-five feet wide across the rear of it, on which the two cottages hereinbefore referred to are situated.

The appellee's contention is that the exemption here claimed cannot be availed of, for two reasons:

First, the church's ownership of the land here assessed is illegal, and therefore it cannot hold it exempt from taxation under the rule announced in *Methodist Church* v. *Meridian,* 126 Miss. 780, 89 So. 650, and *Gunter* v. *City of Jackson,* 130 Miss. 686, 94 So. 842, 27 A. L. R. 1043; and, second, the land is not used by the church, and therefore is not within the exemption allowed by section 4251, Code of 1906 (Hemingway's Code, section 6878).

Pretermitting the first of these questions, and coming to the second, the statute under which the exemption is claimed provides that:

"The following property, and no other, shall be exempt from taxation, to-wit. . . . All property, real or personal, belonging to any religious or charitable society and used exclusively for the purposes of such society, and not for profit."

This statute exempts only that property belonging to a religious society; that is, (1) used for the purposes of such society, and (2) not to any extent for profit. Both of these elements must coexist or the property remains subject to taxation.

The first of these elements is here absent, for the land is not used *in any way,* except to the extent that the church maintains thereon the plank walk hereinbefore referred to, but is held by it for the use in the future, should it hereafter decide to use it. The portion of the land covered by this plank walk is too small in comparison with the whole of it to necessitate or render proper the holding by the church of the whole of the lot therefor.

*Affirmed.*