NORTH AMERICAN OLD ROMAN CATHOLIC DIOCESE v. HAVENS, Sheriff and Tax Collector.

(Division B. Nov. 21, 1932.)

[144 So. 473. No. 30132.]

Mize, Mize & Thompson, of Gulfport, for appellant.

**O. J. Dedeaux**, of Gulfport, for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

The appellant is a private ecclesiastical corporation, and purchased certain property in Harrison county, Mississippi; and filed a bill in the chancery court of Harrison county to enjoin the sheriff and tax collector from collecting taxes upon said property, alleging in the bill that said property was acquired exclusively for religious purposes, and that on each lot was a house used for such purpose. The bill also alleges that in January, 1929, the church purchased four pieces of property in Harrison county, one at White Harbor, one at Mississippi

City, one at Beauvoir, and one in the city of Biloxi, all of which are particularly described in the bill; that these pieces of property were all purchased solely and exclusively for religious and charitable purposes, it being the desire of the church to establish missions at these points, and which were, in fact, established, and that religious services have been regularly held in the buildings on such property. It was further alleged that no revenue, of any kind, was derived from the property, and that, under the statutes of Mississippi, it was entitled to be exempt from taxation. It was further alleged that on November 23, 1929, notice was given to the board of supervisors that the property had been purchased, and the board was requested to exempt it from taxation; that on February 5, 1930, and again on April 5, 1930, subsequent notices were also given, all of which notices were annexed to the bill as exhibits. It was further alleged that, failing to receive notice of the term when the board of supervisors was sitting for the purpose of equalizing taxes, a petition was filed in October, 1930, requesting exemption of the property and setting up the fact that the church had given notices to the board, but the church had not received any notice, nor been apprised that the board was sitting for the purpose of equalizing taxes. It was further stated in the bill that after said petition had been filed, the board failed, neglected, and refused to act on said petition, and that the church was never able to get any response, favorable or unfavorable, to their petition, and that, at the time of filing the bill, the sheriff, J. W. Havens, had advertised the property to be sold on the fifth Monday of October, 1931, for taxes amounting to one thousand thirty-seven dollars and eighty-six cents.

The declaration was demurred to, but subsequently an answer was filed, but was not considered by the court; the case being decided on the demurrer and a motion to dissolve the bill of injunction. The court dissolved

the injunction and awarded one hundred fifty dollars as damages for the wrongful suing out of the injunction, from which this appeal was prosecuted.

Under section 4169, Code 1930, certain property is exempt to religious corporations. Under section 3108, Code 1930, cl. (d), it is provided that: "All property, real or personal, belonging to any religious society or ecclesiastical body and/or any congregation thereof or to any charitable society, and used exclusively for such society and not for profit, not exceeding however the amount of land which such religious society may own, as provided in the chapter on corporations. All property, real or personal, belonging to any college or institution for the education of youths, used directly and exclusively for such purpose, provided that no such college or institution for education of youth shall have exempt from taxation more than six hundred and forty acres of land. All property, real or personal, owned and occupied by a fraternal and benevolent organization when used by such organization and from which no rentals or other profits accrue to the organization, but any part rented or from which revenue is received shall be taxed."

In Central M. E. Church v. City of Meridian, 126 Miss. 780, 89 So. 650, it was held that property owned by a church for a religious organization, not used for religious or charitable work, was subject to taxation.

The property involved in the case at bar was subject to taxation unless it was being used for religious or charitable purposes. In other words, it is not such property as is absolutely exempt from taxation, but is subject to taxation or not, according as the facts may be. In such cases, the owner of property should appear at the meeting of the board of supervisors which is fixed by law, and of which notice is given by publication that the board will hear objections to assessments, and if at such meeting property is assessed for taxation, an appeal should be taken to the circuit court, where the case may be tried de novo. Injunction is not the proper

method in such cases. By section 420, Code of 1930, "The chancery court shall have jurisdiction of suits by one or more taxpayers in any county, city, town or village, to restrain the collection of any taxes levied or attempted to be collected without authority of law." If property is absolutely not taxable under any condition, and the taxing authorities should attempt to tax it, injunction may be resorted to; but where it is taxable, or not, according to facts which exist, the owner should appear before the board and present his objections under section 3165, Code 1930. If he fails to appear and make objection, the assessment becomes final under section 3166, Code 1930, which provides that: "A person who is dissatisfied with the assessment may, at such August meeting, present objections thereto in writing which shall be filed by the clerk and docketed and preserved with the roll. All persons who fail to file objections shall be concluded by the assessment and precluded from questioning its validity after its final approval by the board of supervisors or by operation of law, except minors and persons non compos mentis."

By section 3191, Code of 1930, the right is conferred upon the board of supervisors, upon application therefor, after the assessment is made, to change such assessment. Clause 7 of this section authorizes the board to make changes in certain cases therein set out.

The petitioner did not resort to either of these methods of presenting its claim for exemption and so is concluded by the assessment, so far as any right to resort to injunction is concerned.

The law prescribed the meeting at which the rolls are to be returned, and the meeting at which the board of supervisors will hear objections, and requires publication to be made apprising property owners of such meetings.

It was not alleged that such notice was not given by publication in the case at bar. The fact that it was pub-

lished and the complainants did not see the publication, or did not receive a copy of the paper containing the notice, does not entitle them to resort to injunction.

We think, therefore, that the injunction was wrongfully sued out, and that the chancery court was correct in sustaining the demurrer and dissolving the injunctions, and the judgment will, therefore, be affirmed.

Affirmed.