CHANDLER, CITY TAX COLLECTOR, *v.* EXECUTIVE COMMITTEE ON EDUCATION, SYNOD OF PRESBYTERIAN CHURCH U. S. INC.

(Division A. Mar. 6, 1933.)

[146 So. 597. No. 30481.]

**W. E. Morse**, of Jackson, for appellant.

Robertson & Campbell, of Jackson, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

The appellee sued out an injunction to restrain the appellant from selling real property owned by it for taxes claimed to be due thereon to the city of Jackson. The case was tried on bill, answer, and proof, and a preliminary injunction, restraining the sale of the land, was made perpetual.

The appellee, a religious society, owns and operates a college for girls within the limits of the city of Jackson, known and designated as Belhaven College. The college grounds consist of about seventy-five acres, all of which are used by the college in connection with and for its necessary purposes. A city street was surveyed and located through a portion of this land some time ago, but was not opened for travel until two or three years ago. The appellee then decided that it would like to sell a small portion of this land, and, in order so to do, it platted and subdivided it into city lots, placing gravel on the streets thereof, and putting down curbing and gutters therefor. It has so far been unable to sell any of these lots, and has continued to use them in connection with the college, in the same way and for the purposes as it had theretofore done. The city assessor, conceiving the lots to be subject to taxation, assessed them therefor, without the knowledge of the appellee, and the taxes thereon not being paid, was proceeding to sell them therefor when this injunction was sued out.

Section 4169, Code of 1930, provides that: "Any religious society, ecclesiastical body . . . may hold and own, at any one place, the following real property, but no other, viz." Among the enumerated properties are: "All buildings used by a school, college or a seminary of learning contiguous to and/or a part of the college or seminary plant, for administration, class rooms, laboratories, observatories, dormitories, and for housing the faculty and students thereof, together with a reasonable quantity of land in connection therewith."

Section 3108 of the Code exempts from taxation, "all property, real or personal, belonging to any religious society or ecclesiastical body and/or any congregation thereof or to any charitable society, and used exclusively for such society and not for profit, not exceeding however the amount of land which such religious society may own, as provided in the chapter on corporations. All property, real or personal, belonging to any college or institution for the education of youths, used directly and exclusively for such purpose, provided that no such college or institution for education of youth shall have exempt from taxation more than six hundred and forty acres of land."

The only error said by counsel for the appellant to appear in the decree is that the court erred in holding the land to be exempt from taxation, and the only reason for which it is said not to be exempt is, that it has been platted and subdivided into lots for the purpose of future sale.

There can be no merit in this contention. It is the use to which land owned by religious societies and colleges is put, and not the use or disposition which they intend to make of it in the future, that determines its liability vel non for taxes under section 3108 of the Code. Enochs v. City of Jackson, 144 Miss. 360, 109 So. 864; Smith v. Myatt, 146 Miss. 388, 111 So. 590.

Affirmed.