LAMAR LIFE INS. CO. *v.* BOARD OF SUP'RS OF HINDS COUNTY.

(Division B. Oct. 22, 1934. Suggestion of Error Overruled Dec. 3, 1934.)

[157 So. 239. No. 31378.]

**L. Barrett Jones** and **Wells, Wells & Lipscomb**, all of Jackson, for appellant.

May, Sanders, McLaurin & Byrd, of Jackson, for appellee.

**Anderson, J.,** delivered the opinion of the court.

The state tax collector instituted this proceeding before the board of supervisors of Hinds county to back assess for state and county ad valorem taxes certain real estate owned by appellant. The board of supervisors made the assessment and fixed the valuation of the property at twenty thousand dollars for the back years. From that order there was an appeal to the circuit court where there was a trial anew, resulting in a judgment in favor of the county, from which judgment appellant prosecutes this appeal.

Appellant is a domestic insurance company and claims that the property is exempt from taxation under section 5160, Code of 1930. That statute provides that domestic insurance companies shall be exempt from all taxes of every kind and character—state, county, municipal, and other taxing districts—except the privilege taxes imposed by the two succeeding sections and state income

taxes provided for by the income statute. The county concedes that if the appellant has the right under the law to own the property, it comes within the exemption provided by section 5160.

Section 5143, Code of 1930, provides what real estate domestic insurance companies may own. That section follows:

"A domestic company may acquire, hold and convey real estate for the purpose and in the manner only following:

"(1) The building in which it has its principal office and the land on which it stands.

"(2) Such as shall be requisite for its convenient accommodation in the transaction, enlargement and advancement of its business.

"(3) Such as shall have been acquired for the accommodation of its business. Provided, however, the said real estate so described in subsections one, two and three shall not exceed in value, as evidenced by its original purchase price including any incumbrance thereon, twenty-five per cent of admitted assets of such company.

"(4) Such as shall have been mortgaged to it in good faith by way of security for loans previously contracted for money due.

"(5) Such as shall have been conveyed to it in satisfaction of debts, previously contracted, in the course of its dealings.

"(6) Such as it shall have purchased at sales on judgments, decrees or mortgages obtained or made for debts.

"All such real estate specified in paragraphs (3), (4), (5) and (6) of this section, which shall not be necessary for its accommodation in the convenient transaction of its business, shall be sold by the company and disposed of within five years after it shall have acquired the title to the same, or within five years after the same shall have ceased to be necessary for the accommodation of its

business, unless the company procure the certificate of the commissioner that its interests will suffer materially by a forced sale thereof, in which event the time for the sale may be extended to such time as the commissioner shall direct in such certificate.''

The question is whether the land is rightfully owned by appellant. If it is, it is exempt from taxation, if not, it is liable. Gunter v. City of Jackson, 130 Miss. 686, 94 So. 842, 27 A. L. R. 1043; Enochs et al. v. City of Jackson, 144 Miss. 360, 109 So. 864.

Appellant has an eleven-story main building facing north on Capitol street between Congress and West streets in the city of Jackson. This is its home office. For the conduct of its business it occupies two and a half floors of this building; the balance of the floors are office and business rental property. The main building has an eighty-two-foot front with a sixteen-foot offset on each side. These offsets were made for the purpose of providing light and air for the main building. The sixteen-foot offsets have one story buildings on them, owned by appellant. The two offset buildings are of the same material as the main building and are built in and are a part of the main building; and they have the same type and style of architecture.

The property here involved is adjoining the sixteen-foot offset on the east side. It was vacant for some time after the construction of the main building. First there was erected a one story building on it, then a second story. The first story is rented for mercantile purposes, the second story is occupied by the University Club, a social organization. Before the depression this property brought eight hundred and fifty dollars a month rent, now it brings only three hundred dollars.

We think the evidence fairly interpreted showed that the two sixteen-foot offsets are sufficient to furnish the main building with ample air and light. Certainly, the

property involved is no part of the main building, and therefore does not come under subdivision (1) of section 5143, Code of 1930. The question is whether or not it comes under subdivision (2) and the first clause of subdivision (3)—whether its ownership by appellant is required for its convenient accommodation "in the transaction, enlargement and advancement of its business," and was acquired for that purpose. How can it be said that it is now, or will be at any time that can now be foreseen, needed for that purpose, when the main building has eleven floors and appellant only occupies and uses two and a half floors for its business? The evidence showed that the use of this property had no connection with appellant's business, except to furnish an income entirely separate and distinct from the life insurance business. The two-story building located thereon was constructed alone for rental purposes and has been used for no other purpose.

Affirmed.