Smith *v*. Myatt *et al.*\*

(Division B. Feb. 28, 1927.  On Motion to Correct Judgment, March 14, 1927.)

[111 So. 590.  No. 26205.]

Taxation.  *Uncultivated land, owned by charitable organization, from which a few loads of wood only were taken, held not exempt from taxation (Hemingway's Code Supp. 1921, section 6878).*

Uncultivated land, owned by charitable organization, only use of which was the taking of a few loads of wood therefrom to burn in hospital, *held* not used exclusively for purposes of charitable institution, authorizing exemption from taxation under Laws 1918, chapter 183 (Hemingway's Code Supp. 1921, section 6878).

\*Corpus Juris-Cyc References: Taxation, 37Cyc, p. 927, n. 5.  As to exemption from taxation of vacant or unused property belonging to charitable organization, see annotation in 34 A. L. R. pp. 668, 669, 1075; 26 R. C. L. 327; 6 R. C. L. Supp. 1552.

Appeal from chancery court of Forrest county.
Hon. T. P. Dale, Chancellor.

Suit by George P. Smith against P. J. Myatt and others.  Decree of dismissal; and complainant appeals.  Reversed and decree rendered in part and in part reversed and remanded.

*F. C. Hathorn* and *Anderson & Anderson,* for appellant.

Chapter 183, Laws of 1918 (section 6878, Hemingway's 1921 Supplement) deals with these exemptions.  The rule

is well settled in Mississippi that persons or corpora-
tions claiming exemption from taxation must bring them-
selves strictly within the letter of the statute; and all
reasonable doubts are resolved against the exemption.
See *Greenville Ice & Coal Co.* v. *Greenville*, 69 Miss. 86,
10 So. 574; *Currie-Finch Co.* v. *Miller*, 123 Miss. 850, 86
So. 579; *Yazoo R. R. Co.* v. *Thomas*, 65 Miss. 563, 5 So.
108; *State* v. *Simmons*, 70 Miss. 485, 12 So. 477; *New
Standard Club* v. *McRaven*, 111 Miss. 92, 71 So. 289;
*Morris* v. *Riley*, 99 So. 466. The case of *Enochs et al.* v.
*City of Jackson*, 109 So. 864, is decisive against the con-
tention of appellees here.

It is nowhere claimed that this property was occupied
by the hospital or charitable institution. The most they
claim is that at some indefinite period—whether before
or after February 1, 1919, is not shown—that the King's
Daughters hauled some wood from the land; and that
when they finally sold the land to French, long after it
was assessed for taxes, and sold for taxes, that they ap-
propriated the proceeds of that sale in part payment for
the land and the other assets acquired from the Hatties-
burg Hospital. We submit that under this state of
facts the appellees are not entitled to make the claim
that the property was exempt from taxation under para-
graph (f) of the Statute of Exemptions.

If the Whatsoever Circle of the King's Daughters and
Sons was, as claimed by the defendants in their an-
swers, a religious and charitable organization, then un-
der the provisions of section 934, Code of 1906, it was
unlawful for them to hold and own the lands. It would
necessarily follow that they could not claim the same as
exempt from taxation. A religious organization can-
not own any property except that specifically set out in
section 934, Code of 1906. See *Methodist Church* v.
*Meridian*, 126 Miss. 780, 89 So. 650; *Gunter* v. *City of
Jackson*, 130 Miss. 686, 940, 842.

*Currie & Currie* and *Currie, Smith, Stevens & Currie,* for appellees.

The court found as a fact that the land was not subject to taxes under the law at the time of the assessment and sale and that the assessment and sale were illegal and void and that Smith, the appellant, acquired no title thereto at said sale.

In order for the King's Daughters to retain the title to and operate and maintain the hospital as a charitable institution it was absolutely necessary and indispensable that the purchase price should be paid. The proof in the case is absolute that every penny of the purchase price of the sale of this tract of land which had been bought at the same time in connection with and as a part of the Hattiesburg Hospital and its assets, when sold by the King's Daughters, was applied to the payment of the unpaid purchase price of the hospital.

The use of the land for taking wood therefrom to be burned in the hospital to produce the necessary heat and steam was, within the meaning of the law, a use of said land for hospital purposes. *Monticello Female Seminary* v. *People,* 106 Ill. 398, 46 Am. Rep. 702; *White* v. *Britton,* 75 S. C. 428, 56 S. E. 232.

The words "occupied and used," on which title by adverse possession is based, certainly ought to be as strictly construed in taking the title of land from the true and real owner and giving it to another as are the same words "occupied and used," as used in subdivision F, section 6878 of said Code. On the contrary, we submit that the words "occupied and used," as used in subdivision F, section 6878 of the Code should be as liberally construed in order to exempt the land of charitable institution from taxation as are the same words in the rule of law providing for the acquisition of the legal title of the land by adverse possession. And if anything like the same import or same meaning is to be given these words in this statute, then under the present rule

of law regulating the acquisition of title to land by adverse possession, as it now exists in this state, this forty-acre tract of land was exempt in the hands of the King's Daughters and was not subject to taxation.

Under subdivision D of said section of said Code the actual occupation of the land was not necessary in order to exempt it from taxation. Its exclusive use for: (1) religious, or (2) charitable purposes, (3) and not for profit, rendered it exempt from taxation, and the proof in this case is absolute that this forty acre tract of land was used exclusively for charitable purposes and not for profit.

It was proved as a fact, by testimony, that the land was used exclusively for charitable purposes and upon proof of that fact the court found that it was exempt from taxation. Counsel for the appellant makes the contention in his brief that the King's Daughters waived their right to claim this land as exempt from taxation by their failure to appear and make that claim before the board of supervisors when it was reviewing and correcting the assessment roll.

It is further contended that the only remedy which the King's Daughters had to get rid of this unlawful assessment would have been an appeal from the action of the board of supervisors in refusing to strike it from the list. In reply to this argument we cite *City of Meridian* v. *Phillips* (1888), 65 Miss. 362, 4 So. 119, in which the exact point was expressly decided contrary to the contention of the appellant.

The mere fact that the King's Daughters did at times, when there was room, receive for accommodation and accommodate in said hospital paying patients did not, as a matter of law, change the nature of the hospital from that of a charitable to a profit making hospital. *Taylor* v. *Protestant Hospital Ass'n*, 96 N. E. 1089, 85 Ohio St. 90, 39 L. R. A. (N. S.) 427; *Noble* v. *Hahnemann Hospital of Rochester*, 98 N. Y. Supp. 605, 112 App. Division 663; *Carter* v. *Whitcomb*, 69 Atl. 779, 17 L. R. A. (N. S.) 733.

Anderson, J., delivered the opinion of the court.

Appellant filed his bill in the chancery court of Forrest county against appellees to confirm his tax title to forty acres of land in that county. There was a trial on bill, answer, and proofs, and a final decree dismissing appellant's bill. From that decree, appellant prosecutes this appeal.

It is conceded that appellant's tax title to the land involved is perfect, provided the land was subject to the taxes for which it was sold. Appellees claim, and the court below so held, that at the time the land was assessed and sold for its taxes it was exempt from taxation under the law. At the time of its assessment and sale the land was owed by the King's Daughters' Hospital at Hattiesburg. Appellees contend, and the trial court held, that while so owned and held the land was exempt from taxation. The land had been owned by the Hattiesburg Hospital. On July 29, 1918, the Hattiesburg Hospital conveyed it to the King's Daughters. On April 5, 1920, the land was sold and conveyed to appellant by the tax collector of Forrest county for its taxes for the year 1919. It was not redeemed from the tax sale within the time prescribed by law. Appellee Myatt claimed title to the land through *mesne* conveyances from the King's Daughters subsequent to the tax sale. Appellees Hattiesburg Bank & Trust Company and Commercial National Bank claimed liens on the land under deeds of trust from appellee Myatt. The land was situated about six miles in the country from Hattiesburg, and was wild, uncultivated land. The only use made of the land by the King's Daughters, while it was owned by that society, was that they got a "few loads of wood off of it" to burn in their hospital; and when the King's Daughters sold and conveyed the land they put the proceeds thereof into their treasury. The evidence showed that the King's Daughters was a charitable organization, and was conducted without profit.

Chapter 183 of the Laws of 1918 (section 6878, Hemingway's Code Supplement) provides, among other things, that:

"The following property, and no other, shall be exempt from taxation, to-wit: . . . (d) All property, real or personal, belonging to any religious or charitable society, and used exclusively for the purpose of such so-ciety, and not for profit. . . . (f) Property appropriated to and occupied and used by a hospital or charitable institution."

We think the question involved is ruled by *Enochs v. City of Jackson*, 144 Miss. 360, 109 So. 864. It was held in that case that a church lot, adjoining a lot on which the church building was situated, and not used, except that a plank walk for entrance to the church was maintained thereon, was not exempt from taxation by the above statute. The holding of the court in that case is applicable to the facts of this case. The court said in that case that the statute exempted only that property belonging to a religious society that is used for the purposes of such society, and not to any extent for profit; that both of those elements had to coexist, otherwise the property was subject to taxation; that the first of these elements was absent; that the use of the land for ingress and egress to the church by means of the plank walk was not such a use as contemplated by the statute; that such use was too insignificant to be considered as a real use of the property for religious purposes.

The same conditions are required by the statute for the exemptions of property owned by a charitable institution as are required for the exemption of property owned by a religious institution. It must be used exclusively for the purposes of the charitable institution. The getting of a few loads of firewood off of a forty-acre tract of wild land is too insignificant to constitute a use of the hand. And the fact that, when the King's Daughters sold the land, they turned the proceeds of the sale into their treasury, and used the same for charitable

purposes, was not such a use of the land as the statute contemplates. It was a use of the proceeds of the land. If that were such a use as the statute contemplates, the King's Daughters could engage in the purchase and sale of lands for profit, provided they used the profits for charitable purposes.

We are of opinion that the land involved was not exempt from taxation while owned by the King's Daughters, and that therefore appellant acquired a good title thereto by his purchase at the tax sale. The cause should go back to the trial court for determination of the question alone of waste by appellee Myatt.

*Reversed and remanded.*

ON MOTION TO CORRECT JUDGMENT.

The motion to correct the judgment is sustained, to the extent that a final judgment be entered in this court, quieting and confirming appellant's tax title to the land involved. The motion is overruled, in so far as it seeks to have this court adjudge the damages the appellant may be entitled to for waste. The cause is reversed and remanded, for the trial alone of that question.

*Sustained in part, and overruled in part.*