587 So.2d 914 (1991)
BETTER LIVING SERVICES, INC.
v.
BOLIVAR COUNTY, Mississippi and the City of Cleveland, Mississippi.
No. 90-CA-0509.
Supreme Court of Mississippi.
October 16, 1991.
Shane F. Langston, Langston & Frazer, Jackson, for appellant.
Benjamin E. Griffith, Griffith & Griffith, Cleveland, for appellees.
Before HAWKINS, P.J., and SULLIVAN and BANKS, JJ.
SULLIVAN, Justice, for the Court:
Better Living Services, Inc., a non-profit corporation chartered in Tennessee, sought an exemption from county and city ad valorem taxes for its "Section 8 Apartments" in Cleveland, Mississippi. Better Living took the position that it operated within the definition of "charitable society" under Miss. Code Ann. § 27-31-1(d) (Supp. 1990). The Bolivar County Board of Supervisors and the City of Cleveland denied the request for an exemption. Better Living appealed to the Circuit Court of Bolivar County, Mississippi, which granted summary judgment for both taxing authorities, therefore, denying Better Living of its tax exemption.
On appeal Better Living raises three issues:
(1) That the circuit court erred in determining as a matter of law that the apartment complex was not tax exempted property within the meaning of "charitable society" of Miss. Code Ann. § 27-31-1(d) (1972);
(2) That the court erred in denying taxpayer due process of law in violation of § 14, Article 3 of the Mississippi Constitution and the 14th Amendment of the United States Constitution; and
(3) That the court erred in granting summary judgment on taxpayer's claim of discrimination.
Better Living built its South Central Village Apartments, a 60 unit complex, in Cleveland, Mississippi, in 1983 with public funds and began operating in 1984. It claims exemption from both county and city ad valorem taxes for the tax years 1987, 1988, and 1989 because:
(1) It is organized as a non-profit corporation under § 501(c)(3) of the Internal Revenue Code;
(2) It operates under § 202 of the National Housing Act of 1959 [12 U.S.C. § 1701q (1980)] and § 8 of the United States Housing Act of 1937 [42 U.S.C. § 1437f (1978)];
(3) It provides housing for the destitute, elderly, handicapped and disabled;
(4) Its tenants are all over 62 years of age and receive substantial rent subsidies from the federal government; and
*915 (5) All income from the complex is devoted exclusively to the operation of the apartment for the benefit of its destitute and disabled tenants.
Both Bolivar County and the City of Cleveland filed a motion for summary judgment and stated:
There is no genuine issue as to any material fact as to plaintiff's claim that it is a "charitable society," and that the defendants are entitled to a judgment as a matter of law; that the plaintiff is not entitled to an exemption from ad valorem taxes under Miss. Code Ann. § 27-31-1(d) (Supp. 1980).
The circuit judge found the following material facts uncontradicted:
(1) Better Living Services, Inc. is a Tennessee nonprofit corporation doing business in Mississippi where it owns and operates a 60 unit apartment complex named South Central Village Apartments in Cleveland, Bolivar County, Mississippi;
(2) Taxpayer received during 1987, 1988 and 1989 fair market rent from all tenants;
(3) Taxpayer uses rent revenues to pay mortgage payments (balance on the mortgage as of December 31, 1987, was $1,586,126.00);
(4) Taxpayer's monthly payment to the deed of trust beneficiary (HUD) includes the amount of the taxes and assessments due on the premises;
(5) Taxpayer imposes health requirements, limitations and restrictions on tenant applicants;
(6) Taxpayer used a financial screening process to ferret out those potential tenants who qualified for government rent subsidies;
(7) Taxpayer's total profit before depreciation in 1987 was $52,276.00;
(8) Only $484.00 in expenses for "elderly and congregate services" was reported by taxpayer in 1987;
(9) Total revenues in 1987 was $328,500.00;
(10) Taxpayer's operational budget supplied by HUD included taxes and special assessment levies;
(11) Taxpayer did not furnish or provide a nursing home or facility for the aged or infirm unable to provide independent care for themselves at their own expense;
(12) During 1987, 1988 and 1989 all residents paid rent either with personal funds and/or federal subsidies; and
(13) Taxpayer furnished low income housing to elderly, handicapped and disabled persons who can care for themselves or who can provide someone to care for them.
The circuit court concluded:
[T]hat there is no genuine issue of material fact herein and being of the further opinion that the defendants, Bolivar County, Mississippi and the City of Cleveland, Mississippi, are entitled to a judgment as a matter of law, holds that the plaintiff, Better Living Services, Inc., is not a charitable society entitled to an exemption from ad valorem taxes under the provisions of § 27-31-1(d) Miss.Code 1972.
Miss. Code Ann. § 27-31-1(d) (1972) provides in pertinent part:
The following shall be exempt from taxation:
.....
(d) All property, real or personal, belonging to any religious society, or ecclesiastical body, or any congregation thereof, or to any charitable society, or to any historical or patriotic association or society, or to any garden or pilgrimage club or association and used exclusively for such society or association and not for profit... . All property, real or personal, owned and occupied by a fraternal and benevolent organization, when used by such organization, and from which no rentals or other profits accrue to the organization, but any part rented or from which revenue is received shall be taxed.
The taxpayer argues that its operation of low income housing comes within the statutory definition of "charitable society." The taxpayer, through its management company, had at the time of the hearing before the Bolivar County Board similar tax exempt *916 requests pending in the State of Tennessee and was actually receiving tax exempt status in the State of Kentucky on other similar projects. The taxpayer also listed 29 "materially similar" apartment complexes within the State of Mississippi that were receiving tax exempt status.
Two decisions of this Court in the 1920's support denial of tax exempt status. In Gunter v. City of Jackson, 130 Miss. 637, 94 So. 844, 845-46 (1923), we said:
The net revenue, however, from the book store [Baptist Book Store in the City of Jackson] is used by the Baptist Churches in the state through the State Baptist Convention to maintain and support their principal church activities, including home missions.
* * * * * *
If the contention of the church in this case be right, then any religious society may go out into the marts of trade and commerce  in big business or little business  tax free, in competition with individuals, partnerships and corporations, who are now burdened with something like an average tax charge of 5 per cent.
* * * * * *
We conclude therefore that it is only property and the revenues therefrom which are primarily and immediately devoted to the purposes set out in the statute which are exempted from taxes; that if such property and the revenues therefrom are primarily invested in trade or any other business for profit they are liable to taxes, even though the ultimate net income be devoted to the objects referred to in the statute.
In Smith v. Myatt, 146 Miss. 388, 111 So. 590 (1927), land owned by Kings Daughters Hospital in Hattiesburg, a charitable organization conducted without profit, was assessed taxes and sold at tax sale. We concluded:
The same conditions are required by the statute for exemption of property owned by charitable institutions as are required for the exemption of property owned by religious institutions. It must be used exclusively for the purpose of the charitable institution... . If that were such a use [talking about the use of the land], as the statute contemplates, then Kings Daughters could engage in the purchase and sale of land for profit, provided they used the profit for charitable purposes. We are of the opinion that the land involved was not exempt from taxation while owned by Kings Daughters, ...
In both of these early cases this Court pierced the veil of the religious institution or charitable society and looked at the use being made of the property upon which tax exemption was sought. In both cases, the tax exempt organization had entered into a proprietary function in competition with private enterprise. The same can be said of Better Living's operation of its § 8 apartments in Cleveland.
This Court recently said:
No one would build a Rebelwood if it were not for the federal benefits and subsidies. The availability of the federal programs makes it economically feasible and desirable to engage in such an enterprise. Indeed, that is precisely the reason that Congress authorized such a program, to provide incentives to people to invest in low income housing projects and thus increase the availability of such housing. But if you take away the federal program, Rebelwood goes broke tomorrow. Its value is far less without the federal programs. And, if in future tax years the federal program be stripped away, Rebelwood's assessment will be reduced as its value is reduced.
Rebelwood, Ltd. v. Hinds County, 544 So.2d 1356, 1365 (Miss. 1989). This Court in Rebelwood held that the value of any federal subsidy or benefits enjoyed by the taxpayer by reason of its ownership of Rebelwood must be considered in establishing true value. This Court included federal supplements in the income in order to correctly assess the property upon the income approach contrary to the claims of the taxpayer.
In Currie-Finch Brick & Lumber Co. v. Miller, 123 Miss. 850, 86 So. 579 (1920), this Court stated that the law exempting property will be strictly construed against the *917 exemption and in construing the statute the rule ejusdem generis applies.
While tax exempt statutes must be "strictly construed against the exemption ... and all reasonable doubt must be resolved against it," the courts will not ascribe to the legislature an "intention to be unfair and unjust" and will not interpret the exemption statute "to bring about unthought-of results." Bd. of Sup'rs., Warren County v. Vicksburg Hospital, 173 Miss. 805, 816, 163 So. 382, 385 (1935).
Property belonging to a charitable society if leased for profit, is taxable under this [Code 1942, Sec. 9697]. Ridgeley Lodge No. 23, I.O.O.F. v. Redus, 78 Miss. 352, 355, 29 So. 163 (1901). After this case was decided by the court below, the legislature passed an act which exempted from taxation the revenues of charitable societies if these revenues were used for fraternal and benevolent purposes. [1900 Miss. Laws 52]. The new act had no application to the case as it was not retroactive.
In Senter v. City of Tupelo, 136 Miss. 269, 101 So. 372 (1924), this Court ruled that rent from property owned by a Masonic lodge which was applied to the payment of the balance of the purchase price on the property was not being applied for fraternal and benevolent purposes.
Following those rules of construction and guidelines, clearly taxpayer's apartment complex is not a "charitable society" exempted from taxes.
The decisions from other states are persuasive and supportive of the circuit judge's decision. An Iowa nonprofit corporation was not granted a property tax exemption for low rent housing facility for elderly persons financed and subsidized in part by 3% Farmers Home Administration under a program to provide financing for housing for low income elderly persons. That court stated:
We do not believe plaintiff has established its right to exemption from property taxes. It is a non-profit corporation; that does not make it a charitable or benevolent institution under Code Section 427.1(9). It meets the real need of Dow City in providing low rent housing to elderly retired persons; that does not make it charitable or benevolent either. Its contribution to the community is laudable, but not charitable or benevolent within the meaning of the exemption statute... .
Dow City Senior Citizens Housing, Inc. v. Board of Review of Crawford County, 230 N.W.2d 497, 499 (Iowa 1975).
In denying a tax exempt status to the owner of a retirement home for the aged, the court reasoned:
Because an institution is organized as a non-profit corporation it is not merely by virtue of that description entitled to tax exemption. Even though an enterprise may be operated at a very modest cost or even at cost and for the good of humanity, it is not solely by virtue of those facts a charitable institution within the meaning of our law. With the advent of Social Security, welfare, Medicare and Medicaid programs, assistance is now much more readily available to the elderly than formerly and possibly some of our earlier thinking on the charitable aspects of certain institutions may not now be realistic. We see no reason why an institution, merely because it caters to the needs of the aged and infirm, should be exempt from taxation if someone other than that institution is furnishing the cost of the care and maintenance provided by the institution.
Oea Senior Citizens, Inc. v. Douglas County, 185 N.W.2d 464, 470 (Neb. 1971).
In Appeal of Sunnyridge Manor, Inc., 106 Idaho 98, 675 P.2d 813, 817 (1984), the court echoed what appears to be the majority rule, "Tax exemptions are disfavored generally, perhaps because they seem to conflict with principles of fairness  equality and uniformity  in bearing the burden of government."
To survive summary judgment, Better Living must establish a genuine issue of material fact by means allowable under the Rule. Lyle v. Mladinich, 584 So.2d 397 (Miss. 1991).
This Court reviews de novo the decision to grant summary judgment. Short v. Columbus *918 Rubber & Gasket Co., 535 So.2d 61, 65 (Miss. 1988). The evidentiary matters are viewed in the light most favorable to the non-movant. Palmer v. Biloxi Regional Medical Center, Inc., 564 So.2d 1346, 1354 (Miss. 1990). If triable issues of fact exist, the lower court's decision to grant summary judgment will be reversed; otherwise, the decision is affirmed. Brown v. Credit Center, Inc., 444 So.2d 358 (Miss. 1983).
The circuit court correctly reviewed all evidentiary matters in the record and found that no genuine issue of material fact existed to preclude the granting of summary judgment. Accordingly, the order of the Circuit Court of Bolivar County granting summary judgment is affirmed.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, PITTMAN, BANKS and McRAE, JJ., concur.