KING, C.J.,
for the Court:
¶ 1. Appellant 3545 Mitchell Road LLC d/b/a Tupelo Trace Apartments (Tupelo Trace) and Appellant Pinecrest/Tupelo, *388 L.P. d/b/a Tupelo Seniors Apartments (Pi-necrest) (collectively, the Appellants) appeal the judgment of the Lee County Circuit Court, which affirmed the Lee County Board of Supervisors’ reassessment of the Appellants’ real property and the resulting increase in ad valorem taxes. On appeal, the Appellants challenge whether the Board properly reassessed and changed the amounts the Appellants owed in ad valorem taxes for the Tupelo Trace and Pinecrest properties, and they seek a refund of their overpayment of ad valorem taxes for 2007.[1] Finding no error, this Court affirms.
FACTS
¶2. Tupelo Trace owns and operates Tupelo Trace Apartments, and Pinecrest owns and operates Tupelo Seniors Apartments. Both Tupelo Trace and Pinecrest are- residential apartment complexes consisting of 200 and 40 units, respectively and are designed to be “affordable rental housing” properties, as that term is defined by Mississippi Code Annotated section 27-35-50(4)(d)(i) (Rev.2006). Section 27-35-50(4)(d) sets out the method to be used to determine the “true value” of “affordable rental housing” for purposes of levying ad valorem taxes. It provides that for tax purposes the value of “affordable rental housing” shall be determined by the “actual net operating income attributable to the property, capitalized at a market value capitalization rate prescribed by the State Tax Commission that reflects the prevailing cost of capital for commercial real estate in the geographical market in which the affordable rental housing is located adjusted for the enhanced risk that any recorded land use regulations places on the net operating income from the property.” In order to receive this benefit, the law requires that the property owner submit to the county tax assessor, by April 1 of each year, an accurate statement of the net operating income attributable to that property for the prior year.
¶ 3. The Appellants admit that in 2007, they failed to submit to the Lee County Tax Assessor the statements of the actual net operating income attributable to the properties for the immediately preceding year, as required to qualify for the special valuation method for assessing affordable rental housing property, as required by section 27-35-50(4)(d). The Assessor, failing to notice that the Appellants had not submitted the required statements of actual net operating income attributable to the properties, still assessed the properties using the special valuation method, and submitted the 2007 Land Roll to the Board for approval at its meeting held on July 3, 2007. The Assessor recommended to the Board the true value of all real and personal property situated in Lee County, Mississippi, for 2007. The 2007 Land Roll included recommended true values for Tu-pelo Trace and Pinecrest in the sums of $2,862,210 and $317,420, respectively. The Board accepted and adopted the 2007 Land Roll at its meeting held on August 13, 2007. Tupelo Trace and Pinecrest were subsequently assessed $43,529.98 and $4,843.67 in taxes, respectively.
¶ 4. On or about September 25, 2007, the Appellants submitted a written request to the Assessor asking for confirmation of the 2007 true values assessed to the apartment complexes. The Assessor confirmed and represented to Tupelo Trace and Pinecrest that their tax assessments would be based on a true value assessment of $2,862,210 and $317,420, respectively.
*389 ¶ 5. Later, the Assessor discovered that the Appellants had failed to submit statements of the actual net operating income attributable to the properties for the immediately preceding year to the Assessors’s office on or before April 1, 2007, as required by section 27-35-50(4)(d). The Assessor then reassessed the subject properties using the ordinary method of valuation, rather than the special income-capitalization approach, which resulted in higher true-values for both properties than the original assessments. On or about November 8, 2007, the Assessor changed the 2007 true value assessment for Tupelo Trace and Pinecrest to $8,896,620 and $951,073, respectively. As a result, the Appellants were assessed $135,304.25 and $14,512.90, respectively, in taxes for 2007. The Appellants each paid their respective amount on or about January 17, 2008.
¶ 6. Due to the initial lack of notice to the Appellants regarding the increase in their assessments, on July 28, 2008, the Board, on its own motion, rescinded the increase for assessments for the Appellants’ properties, and it asked the Board’s clerk to notify the Appellants of the increases. The clerk notified the Appellants of the increases by letter, which advised the Appellants that if they objected to such increase, an objection must be filed no later than 10:00 a.m. on August 18, 2008. The Appellants submitted a written objection to the Board on August 6, 2008, objecting to the increase in the true value of their properties. However, the Appellants still failed to submit the statement of actual net operating income for the prior year as required by section 27 — 35—50(4)(d). On August 22, 2008, after reviewing sections 27-35-145 (Rev.2006), 27-35-147 (Rev. 2006), and 27-35-50(4)(d) of the Mississippi Code Annotated, the Board issued an order denying the Appellants’ objections. The Appellants subsequently appealed to the Lee County Circuit Court on August 28, 2008.
¶ 7. By agreement of the parties, the case was tried on a written stipulation of facts, with exhibits, on January 16, 2009. On February 4, 2009, the circuit court entered an order denying the Appellants’ appeal. Aggrieved, the Appellants now turn to this Court, seeking relief.
STANDARD OF REVIEW
¶ 8. The Mississippi Supreme Court has held that a review of whether appellants are entitled to an exemption presents a question of law, since the question “turns on both the construction of the statutory language and application of it to the facts of the instant case.” Hattiesburg Area Senior Servs., Inc. v. Lamar County, 633 So.2d 440, 444 (Miss.1994). Since both of the parties in the case before us agreed to a stipulation of facts, this case involves no dispute of fact. For questions of law, this Court conducts a de novo review of the lower court’s decision. Univ. of Miss. Med. Ctr. v. Hughes, 765 So.2d 528, 532 (¶ 13) (Miss.2000).
DISCUSSION
¶ 9. The Appellants argue that the circuit court erred in finding that the Board properly reassessed and increased the amount of ad valorem taxes owed on the subject properties, Tupelo Trace and Pinecrest. The Appellants also argue that the circuit court erred in finding that the Board properly changed the 2007 Land Roll assessments for the properties pursuant to section 27-35-147.
¶ 10. Section 27-35-50 of the Mississippi Code Annotated mandates that in order to assess most types of real property for purposes of ad valorem taxation, the Assessor must determine the true value of the property by using one or a combina *390 tion of three approaches: income-capitalization approach to value, the cost approach to value, or the market-data approach to value. See Miss.Code Ann. § 27-35-50(2) (Rev.2006). In the present case, the Appellants’ properties fall under the “affordable rental housing,” which is defined as:
residential housing consisting of one or more rental units, the construction and/or rental of which is subject to Section 42 of the Internal Revenue Code (26 USC 42), the Home Investment Partnership Program under the Cranston-Gon-zalez National Affordable Housing Act (42 USC 12741 et seq.), the Federal Home Loan Banks Affordable Housing Program established pursuant to the Financial Institutions Reform, Recovery and Enforcement Act (FIRREA) of 1989 (Public Law 101-73), or any other federal, state or similar program intended to provide affordable housing to persons of low or moderate income and the occupancy and maximum rental rates of such housing are restricted based on the income of the persons occupying such housing.
Miss.Code Ann. § 27 — 35—50(4)(d)(i).[2] Pursuant to section 27 — 35—50(4)(d), such property must be appraised using only a specified income-capitalization approach developed by the Mississippi State Tax Commission, which provides a lower rate of ad valorem taxation for the property owner.[3] In order to be assessed under this formula and receive a lower tax rate for a given year, the owner of the affordable rental housing must, on or before April 1, provide the county tax assessor with a statement of the actual net operating income for the previous year. Miss. Code Ann. § 27-35-50(4)(d).
¶ 11. In the present case, the Assessor did not discover the Appellants’ failure to submit the required information to the Assessor’s office on or before April 1, 2007, in accordance with section 27-35-50(4)(d), until after the Board had approved the assessment rolls. At the February 8, 2008, Board meeting, the Assessor presented his recommendation to change the 2007 assessment of the Appellants’ properties from $2,862,210 and $317,420 to $8,896,620 and $951,073, respectively. This increased amount reflected the Assessor’s application of the ordinary valuation approach in establishing the true value of the properties, instead of the specialized approach available to property owners meeting the requirements of section 27-35-50(4)(d).
¶ 12. The Appellants agree that the Assessor and the Board have the authority to change an assessment after it has become final. However, the Appellants claim that this authority is not without limitations. Specifically, the Appellants claim that the Board’s power to change, cancel, or decrease an assessment after the assessment roll becomes final is limited to the fourteen enumerated circumstances found in Mississippi Code Annotated section 27-35-143 (Rev.2006). The Appellants argue that the present situation does not fall under any of the fourteen circumstances in section 27-35-143. Therefore, they claim that the increase in the assessments of their properties was unlawful and should be rescinded.
¶ 13. However, we note that section 27-35-143(11) authorizes changes in assessments by the Board where lands have been assessed and incorrectly classified. We also note that section 27-35-147(4) provides that a board of supervisors may *391 increase an assessment after an assessment roll has been adopted “[w]hen lands or improvements thereon have been listed as exempt from taxation, but were subject to assessment and taxation on the preceding tax lien date.”
¶ 14. The appellants argue the special methodology of establishing a true value for affordable rental housing in section 27-35 — 50(4)(d) is not tantamount to an exemption; they contend that the powers to exempt and the powers to determine special modes of valuation are separate and complimentary. However, this Court agrees with and affirms the circuit court’s finding that section 27 — 35—50(4)(d) is an exemption because it provides a lower tax rate to the owners of affordable rental housing, versus a higher tax rate for owners of the same type property used in a different manner. We note that such an exemption is similar to the favorable treatment found in the homestead exemption in Mississippi Code Annotated section 27-33-3 (Rev.2006). The homestead exemption is not a complete exclusion from taxation; rather, it is a reduction in the amount of ad valorem taxes owed by the property owner. Miss. Code Ann. § 27-33-3.
¶ 15. We note that laws which grant tax exemptions are to be strictly construed against the exemption. Better Living Servs., Inc. v. Bolivar County, 587 So.2d 914, 917 (Miss.1991) (citing Bd. of Supervisors., Warren County v. Vicksburg Hosp., 173 Miss. 805, 816, 163 So. 382, 385 (1935)). Since section 27-35-50 is an exemption statute, we find that the Assessor and Board were correct in utilizing sections 27-35-147(4) and 27-35-143(11) to correct the wrongfully classified property and to reassess the properties and increase the amounts owed in taxes by the Appellants. This issue is without merit.
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF LEE COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
LEE AND MYERS, P JJ., ISHEE, CARLTON AND MAXWELL, JJ., CONCUR. ROBERTS, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY GRIFFIS, J. IRVING AND BARNES, JJ., NOT PARTICIPATING.

. For clarity, we have combined both of the Appellants’ issues on appeal, as well as the questions submitted within their brief, into one main issue.

. Both parties stipulate that the Appellants' properties fall under the "affordable rental housing” category defined in section 27-35-50(4)(d)(i).

. The Legislature amended 27-35-50 in 2005 to add (4)(d).